**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF M/V CSS CSSV,** | **CIVIL ACTION** |
| **AS OWNER AND OPERATOR OF THE** | |
| **M/V M/V CSS VIRGINIA, OFFICIAL NO.** | **NO.** |
| **1064520, AND CARLINE** | |
| **MANAGEMENT COMPANY, INC.** | |
| **PRAYING FOR EXONERATION FROM** | |
| **OR LIMITATION OF LIABILITY** | |

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

The Complaint of CSS VIRGINIA, LLC (hereinafter "CSSV") and Carline Management Company, Inc. ("CMC") (collectively referred to as "Complainants") in a cause of exoneration from or limitation of liability, civil and maritime, within the meaning of Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure, with respect, represents:

I.

At all times pertinent hereto, CSSV was and now is a limited liability company duly organized and existing under and by virtue of the laws of the State of Louisiana, and the owner and operator of the M/V CSS VIRGINIA, Official No. 1064520.

II.

At all times pertinent hereto, CMC was and now is a corporation duly organized and existing under and by virtue of the laws of the State of Louisiana.

III.

At all times pertinent hereto, the M/V CSS VIRGINIA was a vessel of the United States, and at all material times was tight, staunch, strong, fully and properly manned,

equipped and supplied, and was in all respects seaworthy and fit for the service in which it was engaged.

IV.

On or about August 8, 2019, Jackson Jenkins, was serving aboard the M/V CSS VIRGINIA as a captain and is alleged to have been injured while disembarking the M/V CSS VIRGINIA.

V.

At all pertinent times hereto, CMC manned, supplied, and navigated the M/V CSS VIRGINIA and employed her crew, including Jackson Jenkins.

VI.

The said Jackson Jenkins alleges that on or about August 8, 2019, the M/V CSS VIRGINIA was docked at a fuel dock alleged to be owned and operated by John W. Stone Oil Distributors, LLC ("Stone").

VII.

The said Jackson Jenkins alleges that he was instructed by an employee of Stone to use an object attached to a small building on the Stone fuel dock as a handhold to assist him in disembarking from the M/V CSS VIRGINIA.

VIII.

The said Jackson Jenkins alleges that this object "gave way", causing him to fall to the deck, resulting in "neck, back and left knee injuries."

IX.

On November 14, 2019, the said Jackson Jenkins filed suit against CMC and Stone in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana,

in the matter entitled *Jackson Jenkins v. Carline Management Company, Inc. and John W. Stone Oil Distributors, LLC*, docket number 127357-E as a result of the aforementioned alleged accident/injury of August 8, 2019.

X.

Since a lawsuit has already been filed in this district by Jackson Jenkins in connection with the alleged accident and injuries set forth herein, venue is proper in this judicial district pursuant to Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims.

XI.

The aforesaid alleged incident(s) and resulting injuries, losses and/or damages of Jackson Jenkins (if any) were neither caused nor contributed to by any fault or neglect on the part of Complainants, nor anyone for whose acts on behalf of or may be responsible for Complainants, or by the M/V CSS VIRGINIA, which was in good condition and in all respects seaworthy and suitable for the service in which she was engaged; but on the contrary, was caused solely by the fault and/or neglect of Jackson Jenkins or other persons and/or by conditions for whom or for which Complainants cannot be held responsible.

XII.

Complainants have valid defenses to all such claims of Jackson Jenkins or any other person or party who may have any right or cause of action stemming from the incident(s) described above; and Complainants desire to contest their liability for any such claims, and further aver that it is entitled to a decree exonerating them from liability.

3

XIII.

Complainants further show that the aforesaid injuries and any other losses or damages were done, occasioned and incurred without fault on the part of Complainants and without their privity or knowledge, and there were no owners or officers of either entity who directed Jackson Jenkins to disembark the M/V CSS VIRGINIA in the manner described in his Petition. However, should this Honorable Court, adjudge that Complainants are liable to any extent in the premises, then Complainants claim the benefit of the Limitation of Liability Act, set forth in 46 U.S.C. §30511, and all statutes amendatory thereof and supplementary thereto.

XIV.

At the beginning of the subject voyage of the M/V CSS VIRGINIA, Complainants exercised due diligence to make the M/V CSS VIRGINIA in all respects seaworthy and well and sufficiently equipped and supplied.

XV.

The following persons and/or entities, on information and belief, may assert claims against Complainants, as a result of the foregoing incident:

1.      Jackson Jenkins;

2.      John W. Stone Oil Distributors, LLC.

XVI.

Although Complainants deny any liability herein and deny that Jackson Jenkins sustained any accident or injuries as he alleges, Complainants aver that the amount of the damages and/or claims hereinabove described and all other possible claims against

Complaintants and the M/V CSS VIRGINIA may exceed the amount or value of their interest in the M/V CSS VIRGINIA and her pending freight, having a combined value of ONE MILLION, SIX HUNDRED SEVENTY THOUSAND AND 00/100 ($1,670,000.00) at the time of the casualty.

XVI.

Complaintants aver, in accordance with the annexed affidavit of an independent, qualified marine surveyor, that the M/V CSS VIRGINIA had a fair market value of $1,670,000.00 DOLLARS immediately following the aforementioned occurrence.

XVII.

Under the circumstances of this case the value of the freight pending at the time of the incident in suit, within the meaning of the applicable statutes, was zero since the M/V CSS VIRGINIA had no barges in tow at that time.

XVIII.

Complaintants offer and file contemporaneously herewith Letters of Undertaking as security for the full sum but not to exceed Complaintants' interest in the M/V CSS VIRGINIA at the time of the incident herein; and in addition thereto, Complaintants are prepared to give bond or stipulation for any amount in excess of the Letters of Undertaking as may be  ascertained and determined to be necessary under any orders of this Honorable Court.

XIX.

Complaintants aver that there are no unsatisfied liens or claims of liens, in contract or in tort, arising on the voyage referred to above, so far as known to Complaintants, and except as herein set forth.

5

XX.

CSSV, as owner and operator of the M/V CSS VIRGINIA, and CMC, as employer of her crew, claim exoneration and exemption from liability for any and all claims for damages or losses occasioned or incurred, or alleged to have been occasioned or incurred, by reason of the aforesaid occurrence. Complaintants further aver that they have valid defenses separately and/or collectively on the merits to any and all such claims.

XXI.

Complaintants specifically claim the benefits of the Limitation of Liability Act, as set forth in 46 U.S.C. §30511, and all statutes amendatory thereof and supplementary thereto.

XXII.

Complaintants further specifically aver that this Complaint, and the claim for exoneration from or limitation of liability asserted herein, is filed not only on its behalf, but also on behalf of their primary and excess liability and protection and indemnity underwriters, who shall be entitled to exoneration from or limitation of liability to the same extent as Complaintants, and whose liability in the premises, if any, shall accordingly not exceed their liability, if any.

XXIII.

All and singular, the premises of this Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

XXIV.

The incident at issue allegedly occurred on August 8, 2019 and, therefore, this Complaint for Exoneration from or Limitation of Liability is timely filed within the six-month prescribed period of time.

WHEREFORE, Complaintants pray:

A.    That this Honorable Court enter an Order approving as to quantum and form the Letters of Undertaking filed herewith as security in the amount of $1,670,000.00, pending any appraisement as may be ordered by the Court of the amount of Complaintants' interest in said vessel and her pending freight;

B.    That this Court issue an injunction enjoining and restraining the commencement or prosecution of any and all actions, suits or legal proceedings of any kind against Complaintants and their insurers and underwriters, or against the M/V CSS VIRGINIA or any other property owned by Complaintants, other than in these proceedings, specifically including but not limited to the aforementioned suit filed by the said Jackson Jenkins in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, in the matter entitled *Jackson Jenkins v. Carline Management Company, Inc. and John W. Stone Oil Distributors, LLC*, docket number 127357-E;

C.    That the Court cause a Notice to be issued to all persons, firms and corporations having or alleging to have claims by reasons of the matters and happenings recited in the above and foregoing Complaint, admonishing

them to appear and file their claims with the Clerk of this Honorable Court, on or before a date to be fixed by the Court and as specified in the Notice, or be forever barred and permanently enjoined from making and filing any such claims, and also to answer, all and singular, the premises of this Complaint;

D.     That the Court adjudge that Complainants, and their insurers and underwriters, and/or the M/V CSS VIRGINIA are not liable for any damages, demands or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters and happenings recited in the above and foregoing Complaint;

E.     That, in the alternative, if this Court should adjudge that Complainants or their insurers or underwriters are liable to any extent in the premises, the Court then adjudge that the liability of Complainants and their insurers or underwriters shall be limited to the amount of their interests in the M/V CSS VIRGINIA and her pending freight, if any, immediately following the incident aforesaid; and in that event, the amount representing the value of Complainants' interest in the M/V CSS VIRGINIA be given to the claimants having made due proof of their respective claims; and that a decree be entered discharging Complainants, and their insurers or underwriters of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against Complainants, their insurers or underwriters, in consequence of or arising out of or connected

with the matters and happenings recited in the above and foregoing

Complaint; and

F.    That Complaintants may have such other and further relief in the premises

as may be just and proper.

Respectfully submitted,

MOULEDOUX, BLAND, LEGRAND & BRACKETT

_s/_Georges M. Legrand_____
GEORGES M. LEGRAND (#8282)
MICHAEL T. NEUNER (#36605)
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
E-mail:    glegrand@mblb.com
              mneuner@mblb.com
*Counsel for Complainants, CSS VIRGINIA,*
*LLC* and Carline Management Company, Inc.
Jenkins Complaint for Limitation